

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2008

# THE Ins Co v. Charles Boyer

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4715

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"THE Ins Co v. Charles Boyer" (2008). *2008 Decisions.* Paper 1430.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1430

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4715

———————

T.H.E. INSURANCE COMPANY

v.

CHARLES BOYER CHILDRENS TRUST
d/b/a BOYER'S WESTWOOD LANES,

Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 04-cv-01652)
District Judge: Honorable Thomas I. Vanaskie

———————

Submitted Under Third Circuit LAR 34.1(a)
February 4, 2008

Before: MCKEE and AMBRO, <u>Circuit Judges</u>,
and IRENAS,[*] <u>District Judge</u>

Opinion filed: March 18, 2008

———————

OPINION

———————

_____

    [*]Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

AMBRO, <u>Circuit Judge</u>

T.H.E. Insurance Company[1] ("T.H.E.") sought a declaratory judgment that the insurance policy it issued to Charles Boyer Children's Trust, doing business as Boyer's Westwood Lanes ("Westwood"), did not cover water damage to Westwood's bowling alley. The United States District Court for the Middle District of Pennsylvania granted T.H.E.'s motion for summary judgment. On appeal, Westwood contends that an exclusion within its insurance policy for damage caused by "surface water" should not apply to its claim. We affirm the District Court's decision.

A series of unfortunate events led to a great mass of water and mud collecting at Westwood's door. On the night of July 11, 2004, a rainstorm hit Pottsville, Pennsylvania. A 36-inch sewer pipe within an embankment ruptured. The embankment was located near the bowling alley, but at a higher elevation. Water from the broken sewer pipe eventually collapsed the embankment. The debris from the collapse diverted the flow of rainwater downward along the surface of a slope, eventually pooling in a low area next to the bowling alley. T.H.E. asserts that water overflowing from the bowling alley's east parking lot and a grassy area between the lot and the building also accumulated in the same low area, but Westwood disputes that this parking-lot-area water contributed to the

_____

[1] As far as we can tell, the initials "T.H.E." do not stand for anything. Its name appears to be a marketing tool to assert a singular ability to offer specialty insurance to the amusement and entertainment industries. Of course, using initials also leads people to write "the" in capital letters, providing emphasis whenever anyone discusses the company by name. *See* T.H.E. Insurance Company, http://www.theinsco.com/index.html (last visited Feb. 7, 2008).

damage here. Either way, the water and mud rose to a level of over four feet before bursting through the bowling alley's door. Westwood alleges that the damage totaled $2 million.

Westwood filed an insurance claim with T.H.E. for its losses. T.H.E. rejected coverage and filed a complaint seeking a declaratory judgment that Westwood's policy did not cover the damage to the bowling alley. Westwood counterclaimed, alleging entitlement to coverage, bad faith, and fraud. The District Court had diversity jurisdiction over T.H.E.'s complaint[2] and applied Pennsylvania law. After discovery, cross-motions for summary judgment and oral argument, the District Court granted T.H.E.'s motion for summary judgment.

We have jurisdiction over Westwood's appeal under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. Under Pennsylvania law, we interpret an insurance contract's language *de novo*, as it is a question of law, and we construe ambiguities in favor of the insured. *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007).

Westwood's insurance policy with T.H.E. covered "Risks of Direct Physical Loss," subject to a list of exclusions and limitations. T.H.E. conceded in the District Court that it had issued Westwood an "all-risk" policy as our Court has used the term. *See Intermetal Mexicana, S.A. v. Ins. Co. of N. Am.*, 866 F.2d 71, 74–76 (3d Cir. 1989).

---

[2]T.H.E. is a Louisiana corporation and Westwood is a Pennsylvania corporation.

Thus, Westwood's counterclaim should succeed "unless the policy contains a specific provision expressly excluding the loss from coverage." *Id.* at 75 (quoting 13A Couch Cyclopedia of Insurance Law § 48:141, at 139 (1982)). But the policy has a "lead-in clause" to the list of exclusions: "We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss." This expansive lead-in clause limits the usefulness to Westwood of the "all-risk" nature of the policy and our principle of construing ambiguities in favor of coverage.

One of the exclusions was for water-damage, which includes "surface water" in its list of non-covered causes of damage. Westwood contends on appeal that the District Court erred by including water from the broken sewer pipe in its definition of surface water, as the sewer pipe was sub-surface. It argues for a definition of surface water that only includes the water from the east parking lot area. It also presented expert testimony that water from that area "did not contribute significantly" to the damage to its bowling alley. Therefore, Westwood argues, a factual dispute remains about whether surface water caused the damage.

The Superior Court of Pennsylvania has defined "surface waters" to include "accumulated waters which flowed under a defective door during a heavy rainstorm" and " 'waters on the surface of the ground, usually created by rain or snow, which are of a casual or vagrant character, following no definite course and having no substantial or permanent existence.' " *Richman v. Home Ins. Co. of N.Y.*, 94 A.2d 164, 166 (Pa. Super.

4

Ct. 1953) (quoting *Fenmode, Inc. v. Aetna Cas. & Sur. Co.*, 6 N.W.2d 479, 481 (Mich. 1942)). We have held, in construing Pennsylvania law, that rainwater, once it hit the ground, "ceased to be rain and, properly characterized, was by then surface water." *Al Berman, Inc. v. Aetna Cas. & Sur. Co.*, 216 F.2d 626, 628 (3d Cir. 1954).

The damage here stemmed from water that first hit the surface as rain, then entered a sewer pipe, and finally became surface water a second time as it flowed down a slope after the pipe ruptured. Thus, we agree with the District Court's legal determination that both the water from the broken sewer pipe and any water from the east parking lot constituted surface water. We also agree that no disputed issue of material fact remains as to whether surface water caused the loss. Thus, the damage to the bowling alley resulted from an excluded cause under the policy.[3]

Citing the principle that under an all-risk policy "all losses . . . are covered except for those specifically excluded," Westwood argues that the surface water exclusion is ambiguous rather than specific. *Spece v. Erie Ins. Group*, 850 A.2d 679, 683 (Pa. Super. Ct. 2004). But, unlike the more convoluted insurance-policy exclusions in *Spece*, the term "surface water" has a clear definition under Pennsylvania and Third Circuit law construing Pennsylvania law. Absent ambiguity and given an applicable exclusion, Westwood cannot benefit from the all-risk nature of its policy from T.H.E.

---

[3] Because we affirm the District Court's holding that the surface water exclusion applies, we need not reach the earth movement or sump-overflow exclusions in Westwood's insurance policy.

For these reasons, we affirm the District Court's grant of summary judgment to T.H.E.